UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

2013 NOV 22 PM 4:30

Walter White,

        Plaintiff,

v.

Audubon Financial Bureau, LLC
adba AFB & Associates
adba Audubon Financial Group
c/o Zdarsky, Sawicki & Agostinelli, LLP
404 Cathedral Place
Buffalo, NY 14202

and

Adam D. March
5145 Kraus Road
Clarence, NY 14031

and

Daniel Valentine
(Address unknown)

and

John Does (1-5)
(Name and Address unknown)

        Defendants.

Case No.

**1 : 13 -cv- 1 8 6 4 JMS -DKL**

COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT AND THE
TELEPHONE CONSUMER
PROTECTION ACT

**Jury Demand Requested**

Now comes Plaintiff, by and through her attorneys, and, for his Complaint, alleges as follows:

## JURISDICTION AND VENUE

1- Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Defendants in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent

1

within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA") and its practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The TCPA prohibits automated telephone calls to cellular telephones without prior express consent. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor and requires a debt collector to cease communications with a debtor if the debt collector knows that the debtor is represented by an attorney.

2- This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. § 1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA). Venue in this District is proper because defendant transacts business here.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

4- Plaintiff is a resident of the State of the Indiana.

5- Defendant Audubon Financial Bureau, LLC ("Audubon") is a Delaware corporation with its principal office in the State of New York.

6- Upon information and belief, Defendant Adam D. March ("March") is the manager, operator, supervisor, and/or de facto owner of Audubon, and has direct control over the operations of Audubon.

7- Upon information and belief, Defendant Daniel Valentine ("Valentine") is the manager, operator, supervisor, and/or de facto owner of Audubon, and has direct control over the operations of Audubon.

8- Upon information and belief, Defendants John Does 1-5 are the managers, operators, supervisors, and/or de facto owners of Audubon, and has direct control over the operations of Audubon.

9- Employees can be held personally liable under the FDCPA. *See Robinson v. Manages Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal 2009); *see also Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal. 2008).

10- Most district courts that have addressed the issue of personal liability have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. *See Schwarm v. Craighead*, 552 F.Supp.2d 1056 (E.D. Cal. 2008); *see also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F.Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F.Supp.2d 891 (N.D.Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D.PA 2004); *Brink v. First Credit Res.*, 57 F. Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp.2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

11- Unless specifically stated otherwise, the term "Defendant" as used herein shall refer to Defendants Audubon, March, Valentine, and John Does 1-5; collectively.

12- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

13- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

14- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

15- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

## FACTS COMMON TO COUNT I - TCPA

16- On or around August 21, 2013, Defendant telephoned Plaintiff's cellular telephone using an automated dialer and left the following voicemail:

> Unfortunately, Walter White, your file has been listed as a refusal and that all efforts at reconciliation have been exhausted, and that you are blatantly disregarding any and all attempts for resolution. As of now, your file is set to escalate beyond the control of my office. If this is something you wish to avoid, either press 1 to discuss immediately or contact the office at 866-256-2093. The decision is yours to make.

17- At the time of this communication, Plaintiff did not authorize any telephone calls from Defendant to his cellular telephone using an automated dialer. Defendant has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, under section 227(b)(3)(B), Plaintiff is entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

18- Because Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the plaintiffs.

19- Upon information and belief, Defendant made other calls to Plaintiff's cellular telephone using automated dialer technology.

## FACTS COMMON TO COUNTS II-VIII - FDCPA

20- On or around August 28, 2013, Defendant telephoned Plaintiff and left the following voicemail:

> This message is intended solely for Mr. White. Mr. White, my name is Steven Jones, and I'm contacting you today on behalf of AFB & Associates. This call is to inform you of a civil judgment and service of process which is now being rendered and scheduled in Marion County under your name and social security number. This matter will now be pursued within the full extent permitted per Indiana State Laws Code Statute. To avoid appearing in Marion County Court Magistrate, Walter White, you must contact the office today to provide that voluntary restitution...

21- On or around September 9, 2013, Defendant telephoned Plaintiff and left the following voicemail:

> This message is meant solely for Mr. White. Walter, this is Ron Bradford. I'm calling regarding a civil judgment and claim here in the office attached to your name and social. Um. Walter, as of now, the client is looking to exercise their legal rights according to state and federal law regarding this claim after repeated attempts to contact you with no response. Out client has scheduled service of process at your home and place of employment. If you wish to avoid the Marion County legal system, you would need to contact me today in order to discuss this claim. The number here is 866-460-4956.

22- At the time of these communications, Defendant had no intention of filing a lawsuit against Plaintiff in Marion County.

23- At the time of these communications, Defendant had no control over the timing and/or ability to file a lawsuit against Plaintiff in Marion County.

24- Defendant damaged Plaintiff.

25- Defendant violated the FDCPA.

## COUNT I

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 47 U.S.C. § 227(b)(1), by negligently using an automated dialer to telephone Plaintiff on a cellular telephone.

## COUNT II

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

29- Defendant violated 47 U.S.C. § 227(b)(1), by intentionally using an automated dialer to telephone Plaintiff on a cellular telephone.

## COUNT III

30- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

31- Defendant violated 15 USC § 1692e(5) by threatening to take action that could not be legally taken at the time.

## COUNT IV

32- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

33- Defendant violated 15 USC § 1692e(5) by threatening to take action that Defendant did not intend to take at the time.

## COUNT V

34- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

35- Defendant violated 15 USC §1692e(7) by falsely implying that Plaintiff had committed a crime by not paying the debt.

## COUNT VI

36- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

37- Defendant violated 15 USC §1692e(10) by using false representation or deceptive means to collect a debt.

## COUNT VII

38- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

39- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, a debt.

## COUNT VIII

40- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

41- Defendant violated 15 USC § 1692e(11) by failing to disclose that a communication was from a debt collector.

## JURY DEMAND

42- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43- Plaintiff prays for the following relief:

a- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

b- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c- Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

d- Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

e- Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

f- Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Law Solutions Chicago LLC

By: _____
Richard J. Meier, Esq.
77 W. Washington Blvd, Suite 515
Chicago, IL 60602
Tel: 312-546-4264
Fax: 866-359-7478
Richard@lawsolutionsbk.com
*One of the Attorneys for Plaintiff*